# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD FRANK KELL, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-10-465-JHP |
| BILL STURCH, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On December 2, 2010, Plaintiff, appearing *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, in which he alleges he was required to sleep on the floor for thirteen (13) days because of overcrowding in the Bryan County Jail and that the jail's "food was inadequate causing severe malnutrition," thereby depriving him of his 8th and 14th Amendment rights. The sole facts submitted by Plaintiff to support his claims are:

> Due to the denial - to implement (a) definitive policy directing subordinates to address the problems of: 1) sleeping on floors - due to overcrowding. (Nov. 04 - Nov. 17, 2010) 2) Malnutrition - due to inadequate food (Feb - 2010 - present day) - never received answer from the grievance process or letters sent to - Bill Sturch - (Nov. 07, 2010) Note: The jail menu is appropriate - if only - they would follow it . . . .

Dkt. # 1, at p. 4. Plaintiff seeks nominal & punitive damages & overall liability for all legal fees incurred. Plaintiff also asks the court to issue declaratory and injunctive relief, including a preliminary injunction.

Before the Court is Defendant Sturch's Motion to Dismiss (Dkt. # 14) and Motion to Deem Motion to Dismiss Confessed (Dkt. # 15). On June 10, 2011, Plaintiff filed a response

to the defendant's motion to dismiss (Dkt. # 19). On June 24, 2011, the defendant filed a reply (Dkt. # 20). As a result, the Defendant's Motion to Deem the Motion to Dismiss Confessed (Dkt. # 15) is hereby denied.

The Prison Litigation Reform Act of 1996 ("PLRA") provides that a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall*, 935 F.2d at 1110. After liberally construing Plaintiff's pro se pleadings, *see Haines*, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff's allegations brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted.

Plaintiff's principal complaint pertains to the overcrowding at the Bryan County Jail. Overcrowding itself, however, is not an Eighth Amendment violation. It is only when the overcrowding leads to deprivation of food, proper sanitation, or medical care, or when it is accompanied by dangerous conditions that it may amount to cruel and unusual punishment.

"In determining when prison conditions pass beyond legitimate punishment and become cruel and unusual, the 'touchstone is the effect upon the imprisoned.'" *Rhodes v. Chapman*, 452 U.S. 337, 364, 101 S.Ct. 2392, 2408, 69 L.Ed.2d 59 (1981). The Constitution "does not mandate comfortable prisons." *Id.*, at 452 U.S. at 349, 101 S.Ct. at 2400. Only those deprivations which deny the minimal civilized measure of life's necessities will be sufficiently grave to form the basis of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Id.*, quoting *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Moreover, to establish an Eighth Amendment violation based on conditions of confinement, Plaintiff "must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.'" *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004).

The facts alleged by Plaintiff, even if true, simply do not rise to the level of deprivations of the minimal civilized measure of life's necessities. Mr. Kell may have slept on the floor for thirteen days, but this in and of itself does not establish any violation of Plaintiff's constitutional rights. Sleeping on the floor without aggravating conditions simply does not rise to the level of a constitutional deprivation. *See Mann v. Smith,* 796 F.2d 79, 85 (5th Cir.1986); *Brown v. Crawford,* 906 F.2d 667, 672 (11th Cir.1990); *Powell v. Cook County Jail,* 814 F.Supp. 757, 759 (N.D.Ill.1993); *Lynch v. Sheahan,* 1992 WL 132525

(N.D.Ill. May 29, 1992). The conditions complained of by Plaintiff are not serious enough to be considered cruel or unusual punishment, because they do not result in a serious deprivation of basic human needs.

Additionally, Plaintiff's allegation that he was provided with inadequate food is nothing more than a conclusory allegation. Since Plaintiff has failed to allege any conduct by Defendant Sturch which violates clearly established statutory or constitutional rights, Defendant Sturch is entitled to qualified immunity. Accordingly, this Court hereby grants Defendant Sturch's Motion to Dismiss, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted (Dkt. # 14); Defendant Sturch's Motion to Deem the Motion to Dismiss Confessed (Dkt. # 15) is denied; and this action is dismissed with prejudice.

It is so ordered on this 1st day of July 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma